# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT
## No. 19-1026

Zach Hillesheim,

Plaintiff-Appellant,

vs.

Holiday Stationstores, Inc. and Lyndale Terminal Co.

Defendant-Appellees,

On Appeal from the United States District Court for the District of Minnesota
The Honorable Joan N. Ericksen, United States District Court Judge

## BRIEF OF APPELLEES
## HOLIDAY STATIONSTORES, INC. AND
## LYNDALE TERMINAL CO.

COUSINEAU, VAN BERGEN, McNEE & MALONE, P.A.
Tamara L. Novotny, Esq. (#029617X)
12800 Whitewater Drive, Suite 200
Minnetonka, Minnesota 55343
(952) 546-8400
*Attorneys for Appellees Holiday Stationstores, Inc.*
*and Lyndale Terminal Co.*

## SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT

Zach Hillesheim ("Hillesheim") appeals from an Order granting summary judgment to Holiday Stationstores, Inc. and Lyndale Terminal Co. ("Holiday"), dismissing the lawsuit as moot. Hillesheim commenced a lawsuit against Holiday asserting a claim under the Americans with Disabilities Act ("ADA"), specifically alleging as architectural barriers the slope of the access aisle adjacent to the accessible parking spaces, and the curb ramp leading from the store's "exit" because it projected into a parking space.

There was no dispute Holiday remedied the issues identified in the Complaint, so Hillesheim tried to defeat Holiday's motion by relying on a curb ramp flare measurement obtained by his expert, but which could not be replicated or verified by Holiday's expert. The District Court found this disputed measurement did not create a genuine issue of material fact precluding summary judgment, as the Complaint did not assert or provide notice of a curb ramp flare issue.

Hillesheim also tried to avoid dismissal of his lawsuit by claiming his request for nominal damages precluded a finding of mootness. The District Court correctly recognized that only injunctive relief is available to a private party under Title III of the ADA, and that Hillesheim failed to present any statutory or case authority to the contrary.

Holiday requests 15 minutes for oral argument.

i

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 26.1(A) of the Eighth Circuit Rules of Appellate Procedure and Rule 26.1 of the Federal Rules of Appellate Procedure, Holiday Stationstores, Inc. and Lyndale Terminal Co., hereby disclose that:

1.     Holiday Stationstores, Inc. and Lyndale Terminal Co. are wholly-owned subsidiaries of Oliver Acquisition, LLC, which is ultimately owned by the publicly held corporation, Alimentation Couche-Tard, Inc.

Appellate Case: 19-1026    Page: 3    Date Filed: 03/20/2019 Entry ID: 4768988

# TABLE OF CONTENTS

Page

SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT............ i

CORPORATE DISCLOSURE STATEMENT ....................................................... ii

TABLE OF AUTHORITIES ............................................................................ v

JURISDICTIONAL STATEMENT ................................................................. viii

STATEMENT OF THE ISSUES ......................................................................... 1

STATEMENT OF THE CASE ............................................................................ 2

SUMMARY OF ARGUMENT ........................................................................... 7

ARGUMENT ..................................................................................................... 9

I.   Hillesheim's Complaint and Amended Complaint never mentioned
     curb ramp flares or the applicable ADAAG provision and, therefore,
     the pleadings did not provide notice to Holiday that Hillesheim sought
     to pursue a claim based on a curb ramp flare issue. ...................................... 9

     A.   References to an "accessible route" or ADAAG 206.2.1 do not
          provide notice of a "curb ramp flare" issue or state a plausible
          claim based on ADAAG 406.3 ............................................................. 10

     B.   Hillesheim's reference to curb ramp flares and ADDAG 406.3 in
          his summary judgment opposition memorandum did not provide
          proper notice of or properly amend the Complaint to assert
          claims based on that issue or provision. ............................................... 13

     C.   Mention of curb ramp flares in an expert report does not provide
          notice of claims .................................................................................... 14

     D.   There was no reasonable basis upon which Holiday needed to
          seek details of Hillesheim's asserted claims through discovery as
          the Complaint and Amended Complaint specifically identified
          the physical barriers at issue; Holiday could not be expected to
          engage in discovery as to non-plead claims. ....................................... 16

iii

II.  The enforcement statute in Title III of the ADA only provides private parties with injunctive relief and no court has found otherwise, nor do cases considering claims brought under Title I of the ADA apply as that Title's enforcement statutes expressly allow for other damages, including equitable relief, to be awarded at the court's discretion............... 19

CONCLUSION ...................................................................................... 24

CERTIFICATE OF COMPLIANCE ...................................................... 26

CERTIFICATE OF SERVICE ............................................................... 27

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Ashcroft v. Iqbal,*
556 U.S. 662, 129 S. Ct. 1937 (2007) .................................................. 10

*Bayer v. Neiman Marcus Group, Inc.,*
861 F.3d 853 (9th Cir. 2017) .............................................. 19, 21, 22

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544; 127 S. Ct. 1955 (2007) ................................................. 10

*Boitnott v. Border Foods, Inc.,*
-- F.Supp.3d --; 2019 WL 722753 (D. Minn. Feb. 21, 2019).................. 14, 19, 24

*Century '21' Shows v. Owens,*
400 F.2d 603 (8th Cir. 1968) ................................................................ 9

*Davis v. Anthony, Inc.,*
886 F.3d 674 (8th Cir. 2018) ...................................................... 1, 10, 11

*Davis v. Queen Nelly, LLC,*
2016 WL 5868066 (D. Minn. Oct. 6, 2016) .................................... 14, 20

*Griffin v. Cedar Fair, L.P.,*
817 F. Supp. 2d 1152 (N.D. Cal. 2011) ......................................... 17, 18

*Hamilton v. Palm,*
621 F.3d 816 (8th Cir. 2010) ............................................................. 10

*Lugo v. 141 NW 20th St. Holdings, LLC,*
878 F. Supp. 2d 1291 (S.D. Fla. 2012) .............................................. 17

*Oliver v. Ralphs Grocery Co.,*
654 F.3d 903 (9th Cir. 2011) ........................................................ 15, 16

*Pickern v. Pier 1 Imports (U.S.), Inc.,*
457 F.3d 963 (9th Cir. 2006) ........................................................ 14, 15

Appellate Case: 19-1026     Page: 6     Date Filed: 03/20/2019 Entry ID: 4768988

*Rodriguez v. Barrita, Inc.*,
    2013 WL 12175047 (N.D. Cal. Jan. 14, 2013)...................................................... 18

*Roggenkamp v. Del Taco*,
    2004 WL 3623408 (C.D. Cal. Nov. 17, 2004) ...................................................... 18

*Shaver v. Independent Stave Co.*,
    350 F.3d 716 (8th Cir. 2003) ...................................................... 20, 21

*Skaff v. Meridien N. Am. Beverly Hills, LLC*,
    506 F.3d 832 (9th Cir. 2007) ...................................................... 17

*Smith v. RW's Bierstube, Inc.*,
    2017 WL 5186346, at n. 1 (D. Minn. Nov. 8, 2017)...................................................... 14

*Stebbins v. Legal Aid of Arkansas*,
    512 F. App'x 662 (8th Cir. 2013)...................................................... passim

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)...................................................... 1, 9

*Thomas v. United Steelworkers Local 1938*,
    743 F.3d 1134 (8th Cir. 2014) ...................................................... 13

*Wojewski v. Rapid city Regional Hosp., Inc.*,
    450 F.3d 338 (8th Cir. 2006) ...................................................... 1, 19

## State Cases

*Beals v. Washington Int'l, Inc.*,
    386 A.2d 1156 (Del. Ch. 1978) ...................................................... 20

## Federal Statutes

28 U.S.C. § 1291 ...................................................... viii

28 U.S.C. § 1331 ...................................................... viii

42 U.S.C. § 2000a-3(a) ...................................................... 23

Appellate Case: 19-1026    Page: 7    Date Filed: 03/20/2019 Entry ID: 4768988

42 U.S.C. § 2000e-5(g) .................................................................... 22, 23

42 U.S.C. § 12117 ............................................................................. 22

42 U.S.C. § 12133 ............................................................................. 22

42 U.S.C. § 12188 ....................................................................... 22, 23

42 U.S.C. § 12188(a) ............................................................ 1, 19, 20, 23

42 U.S.C. § 12188(a)(1) ................................................................... 23

42 U.S.C. § 12188(a)(2) ................................................................... 23

42 U.S.C. § 12188(b)(2)(A) ............................................................. 23

42 U.S.C. § 12203(b) ............................................................ 21, 22, 24

## Federal Rules

Fed. R. Civ. P. 8 .......................................................................... 9, 16

Fed. R. Civ. P. 8(a)(1) and (2) ............................................................ 9

Fed. R. Civ. P. 8(d)(1) ....................................................................... 9

Fed. R. Civ. P. 26(b)(1) ..................................................................... 19

## State Rules

LR 7.1 ............................................................................................ 24

## Other Authorities

1A Barron and Holtzoff, Federal Practice and Procedure § 251 (1960) ................... 9

Appellate Case: 19-1026    Page: 8    Date Filed: 03/20/2019 Entry ID: 4768988

# JURISDICTIONAL STATEMENT

This appeal arises from an Order issued December 3, 2018, by the Honorable Joan N. Ericksen, Judge of the United States District Court, District of Minnesota, granting summary judgment to Holiday. [ADD 1-7].[1] Judgment was entered December 4, 2018. [ADD 8]. Hillesheim filed a Notice of Appeal on January 3, 2019. [ECF 34]. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

The District Court had jurisdiction over Hillesheim's federal ADA claim pursuant to 28 U.S.C. § 1331.

---

[1] References to "APP" refer to documents filed with Appellant's Appendix. References to "ADD" refer to documents contained in Appellant's Addendum. References to "ECF" are to the District Court's civil docket for case number 17-CV-3982 (JNE/TNL).

Appellate Case: 19-1026    Page: 9    Date Filed: 03/20/2019 Entry ID: 4768988

## STATEMENT OF THE ISSUES

1.  Did the District Court properly grant Holiday's Motion for Summary Judgment and dismiss Hillesheim's ADA claim as moot where there was no dispute Holiday remedied the architectural barrier issues alleged in the Complaint, which did not mention or provide notice of any claim based on a curb ramp flare?

    Most Apposite Authorities:

    *Davis v. Anthony, Inc.*, 886 F.3d 674 (8th Cir. 2018)

    *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)

2.  Did the District Court properly determine Hillesheim could not recover nominal damages under Title III of the ADA, when the applicable enforcement statute expressly limits a private party to injunctive relief?

    Most Apposite Authorities:

    42 U.S.C. § 12188(a)

    *Wojewski v. Rapid city Regional Hosp., Inc.*, 450 F.3d 338 (8th Cir. 2006)

    *Stebbins v. Legal Aid of Arkansas*, 512 F. App'x 662 (8th Cir. 2013)

1

## STATEMENT OF THE CASE

Hillesheim is a disabled person who uses a wheelchair for mobility. [APP 3, ¶¶8-9.] In a Complaint filed on August 25, 2017, Hillesheim asserted an ADA claim based on allegations that on March 20, 2016; March 8, 2017; and August 24, 2017, he attempted to patronize a Holiday store located at 123 W. St. Julien St., St. Peter, Minnesota but was deterred from doing so due to some architectural barriers. [APP 2, 4, ¶¶2, 12 & 20.]

Hillesheim asserted that the store's parking lot contained two spaces reserved as accessible parking, but the access aisle adjacent to the parking spaces was at an incline. [APP 4, ¶¶13, 14.] Hillesheim also asserted that the curb ramp near the store's "exit" door projected into a parking space, and the sidewalk between the "exit" and "entrance" doors contained obstructions preventing wheelchair users from maneuvering over to use the curb ramp near the "entrance" door. [APP 4, ¶¶17, 18.] Based on these assertions, Hillesheim more specifically alleged that:

a.      . . . the access aisle shared by both parking spaces reserved as accessible parking spaces contained a slope greater than 1:48, in violation of ADAAG 502.4. Plaintiff requires a level surface to make a safe transfer between his wheelchair and vehicle.

b.      No accessible route connected the "Holiday" store exit and accessible parking spaces in violation of ADAAG 206.2.1. Plaintiff uses a wheelchair for mobility and requires an accessible route between his parking space and the building entrance.

2

c.  The curb ramp connecting the "Holiday" store exit and the parking lot led directly to a parking space where [sic] a car could park and reduce the clear width of the accessible route to less than 36 inches, in violation of ADAAG 403.5.1. Plaintiff uses a wheelchair for mobility and requires a sufficiently wide path to avoid damaging vehicles or his wheelchair.

[APP 5-6, ¶24].

Hillesheim also included a catch-all provision stating that the above are not to be considered all-inclusive of the barriers he encountered or exist, and he then generally explained that, "[t]o qualify as an accessible parking space, it must be located on the shortest accessible route, marked by appropriate signage, flanked by an access aisle, and comply with sloping requirements. ADAAG 206, 208, 402, 403, 405, 406, and 502." [APP 6, ¶25].

Holiday received Waivers of Service of Summons on August 30, 2017, and by mid-October 2017, Holiday had modified the store's parking lot to address the issues raised by Hillesheim in the Complaint. [ECF 4.] Specifically, two new accessible parking spaces were created. [APP 84, 85.] A new access aisle was also created for each new parking space. [APP 84, 85.] The access aisles were on the same level as the parking spaces they served. [APP 84, 85; APP 69-70, ¶10]. Neither the parking spaces or access aisle have slopes that are steeper than 1:48. [APP 84, 85; APP 50-51, ¶¶7, 10 & 13; APP 69-70, ¶¶7, 10 & 13.] Each access aisle leads to a curb ramp, one located near the "entrance" door and a second located near the "exit" door. [APP 80-89.] A "no parking" aisle was also created behind the

3

accessible parking spaces and access aisles to allow wheelchair users to traverse among the parking spaces and aisles, if necessary. [APP 80, 81, 84-89.]

On February 2, 2018, Hillesheim filed an Amended Complaint. [APP 1-15.] The only amendment was to add to the prayer for relief a request that "the Court award nominal damages pursuant to its equitable authority." [APP 10.]

On March 14, 2018, Hillesheim's attorney and expert, Peter Hansmeier, conducted a site inspection at the store, which involved Hansmeier taking and documenting various measurements. [APP 49-66.] Hansmeier set forth the measurements he obtained in a Declaration served on May 2, 2018.[2] [Id.] Nowhere in the Declaration did Hansmeier ever state or express an opinion that any of the measurements set forth therein violated the ADA or ADAAG. [Id.]

On May 29, 2018, Casey Beaton inspected the store on behalf of Holiday and similarly measured the parking lot to determine the accuracy of the information set forth in the Declaration of Peter Hansmeier. [APP 67-79.] As discussed in the Declaration of Casey Beaton served on June 1, 2018, nearly all of Hansmeier's measurements were verified by Beaton. [Id.] Beaton expressly stated that the various measurements meet the requirements of the ADA. [Id.]

---

[2] The deadline for Hillesheim to disclose the identity and reports of his expert was May 1, 2018. [ECF 9, p. 2.] That was also the deadline to complete fact discovery. [Id. at p. 1.]

4

Beaton was unable to replicate and verify the 6.2 degree (10.86%) slope Hansmeier had stated in relation to the curb ramp flares near the exit door. [APP 73, ¶21.] Beaton's own measurements of the curb ramp flares fell below the 1:10 (10.0%) permissible slope. [*Id.*]

On August 29, 2018, Holiday served a Motion for Summary Judgment seeking dismissal of the Amended Complaint. [ECF 23-27]. Holiday presented evidence that it had remedied the physical barrier issues asserted by Hillesheim in the Complaint and Amended Complaint and, therefore, argued the ADA claim was moot since there was no basis to award Hillesheim injunctive relief, the only relief available. [*Id.*]

Hillesheim opposed the motion, arguing that, "[t]he conflicting measurement of the curb ramp flare creates a genuine issue of material fact as to whether the curb ramp flares at the St. Peter Holiday comply with ADA[AG] 406.3." [ECF 28, pp. 6-7.] Hillesheim also argued that its claim for equitable nominal damages prevented a finding of mootness. [*Id.* at pp. 7-8.] Holiday addressed the arguments made by Hillesheim in its Reply Memorandum. [ECF 30].

The District Court considered the motion on the parties' written submissions, and on December 3, 2018, issued an Order granting Holiday's motion and dismissing the action as moot. [ECF 31 and ADD 1-7.] The District Court recognized that Hillesheim did not dispute Holiday had remedied the three architectural barrier

5

violations alleged in the Complaint, but he instead relied on one conflicting measurement of the curb ramp flares near the exit door to argue there was a genuine issue of material fact precluding summary judgment. [ADD 4.] The Court found this disputed measurement was not material. [ADD 5.]

The District Court explained that Hillesheim's Complaint needed to give Holiday fair notice of his claim and the grounds upon which it rests and, here, "Hillesheim never cited the curb ramp flares or ADAAG 406.3 in his Amended Complaint." [*Id.*] Thus, the District Court found that a dispute about the curb ramp flares would not affect the outcome of the claim Hillesheim actually asserted and, again, "it is undisputed that the architectural barriers asserted in the Amended Complaint no longer exist." [*Id.*]

The District Court also rejected Hillesheim's nominal damages argument. [ADD 6]. The District Court recognized that the Eighth Circuit has found injunctive relief is the sole private remedy under Title III, that Hillesheim had cited no case where a court granted nominal damages to a private litigant under Title III, and there was no statutory authority for imposing nominal damages in a private cause of action under Title III. [*Id.*]

Judgment was entered on December 4, 2018. [ADD 8.] Hillesheim filed a Notice of Appeal on January 3, 2019. [ECF 34.]

6

## SUMMARY OF ARGUMENT

The District Court properly dismissed Hillesheim's lawsuit as there was no dispute Holiday had remedied the architectural barrier issues identified by Hillesheim in his Complaint and, therefore, there was no basis upon which to award injunctive relief. The District Court, considering the applicable authorities, correctly found that Hillesheim had not asserted or provided notice of a claim based on a curb ramp flare. It is undisputed that neither the Complaint or Amended Complaint mentioned curb ramp flares or ADAAG 406.3, the applicable provision addressing slope for curb ramp flares. In fact, as Hillesheim states, "[t]he curb ramp flare was not at issue when Hillesheim filed his amended complaint." Opening Brief, p. 14.

Yet, Hillesheim argues Holiday was somehow to know the curb ramp flare was an issue based on the Complaint's reference to the need for an "accessible route" pursuant to ADAAG 206.2.1. Reference to an "accessible route" and violation of ADAAG 206.2.1, or more generally to other ADAAG provisions, however, does not provide notice or state a claim based on a "curb ramp flare" or violation of ADAAG 406.3. Curb ramp flares are, in fact, not even considered a component of an accessible route under the ADAAG.

The fact is that once Hillesheim recognized and decided he wanted to make a claim based on the curb ramp flare, he needed to provide Holiday with notice by amending his complaint. Mentioning curb ramp flares or ADAAG 406.3 for the first

7

time in Hillesheim's Opposition Memorandum did not provide proper notice or properly amend Hillesheim's Complaint to assert such a claim. Nor was Holiday required to guess what claims Hillesheim intended to make based on an expert report that did not even state there were violations or refer to the ADAAG provision upon which Hillesheim now relies. Moreover, the basis for Hillesheim's ADA claim was clearly stated in the Complaint and Amended Complaint, so no discovery was needed to allow Holiday to respond; in fact, Holiday promptly responded by addressing the issues alleged. Holiday was not required, and could not be expected, to conduct discovery as to claims or allegations that were not asserted.

The District Court also correctly found that Hillesheim could not avoid having his lawsuit declared moot by claiming nominal damages, as he is not entitled to such damages under Title III of the ADA. Contrary to Hillesheim's current argument, neither the Eighth Circuit nor any court has ever found that nominal damages are available under Title III.

Courts have mentioned or permitted nominal damages to be awarded under the employment provisions found in Title I of the ADA, but the enforcement statutes under Title I expressly allow other damages, including equitable relief, to be awarded. Title III's enforcement provision, on the other hand, only permits injunctive relief to be awarded to a private party. Equitable relief, beyond injunctive relief, is only allowed in lawsuits brought by the Attorney General.

8

# ARGUMENT

I. **Hillesheim's Complaint and Amended Complaint never mentioned curb ramp flares or the applicable ADAAG provision and, therefore, the pleadings did not provide notice to Holiday that Hillesheim sought to pursue a claim based on a curb ramp flare issue.**

    A. **References to an "accessible route" or ADAAG 206.2.1 do not provide notice of a "curb ramp flare" issue or state a plausible claim based on ADAAG 406.3.**

Hillesheim admits that his "amended complaint did not expressly mention curb ramp flares." Opening Brief, p. 13. Nevertheless, he argues that by referencing a demand for an accessible route, he provided Holiday with notice of the curb ramp flare issue so as to satisfy the pleading standard set forth in Fed. R. Civ. P. 8. Hillesheim's argument is based on an incomplete and flawed analysis of the relevant authorities.

Rule 8 requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1) and (2). While each allegation must be simple, concise and direct, "the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *See* Fed. R. Civ. P. 8(d)(1) and *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007). *See also Century '21' Shows v. Owens*, 400 F.2d 603, 605 (8th Cir. 1968) (citing 1A Barron and Holtzoff, Federal Practice and Procedure § 251 (1960) at p. 29 for the proposition that a pleading must be

Appellate Case: 19-1026     Page: 18     Date Filed: 03/20/2019 Entry ID: 4768988

"sufficient to advise the party for which incident he is being sued" and to show what was decided for purposes of res judicata).

The pleading standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2007)). *See also Davis v. Anthony, Inc.*, 886 F.3d 674, 677 (8th Cir. 2018) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556; 127 S. Ct. 1955 (2007) for same proposition).

The Eighth Circuit recently considered and offered guidance as to what is needed to plead a plausible claim for relief under the ADA in a similar situation to that presented in this case. The Court did so in *Davis v. Anthony, Inc.*, 886 F.3d 674 (8th Cir. 2008), a case discussed at some length in Holiday's Reply Memorandum and relied upon by the District Court in its Order, but ignored entirely by Hillesheim in his Opening Brief, despite the fact that his attorney was also counsel for Davis so clearly aware of the case even if not cited by Holiday and the District Court. Seemingly, Hillesheim fails to address *Davis* because it clearly supports the District Court's dismissal of his lawsuit.

In *Davis*, the complaint alleged that Davis could not access a steakhouse due to physical barriers. The complaint specifically alleged that "the parking lot lacked adjacent access aisles, in violation of ADAAG 502.2"; had an inadequate number of

10

accessible parking spaces "in violation of ADAAG 208.2"; and the accessible parking spaces "were not reserved through posted signage, in violation of ADAAG 216.5 and 502.6." *Id.* at 676. As in this case, Davis also asserted these violations were "not to be considered all-inclusive of the barriers and violations of the ADA encountered by [her] or which exist" at the steakhouse. *Id.*

The steakhouse remedied the violations asserted in the complaint and moved for dismissal, arguing mootness. In opposing the motion, Davis argued the lawsuit was not moot because the steakhouse failed to present evidence as to the slopes of the newly-installed spaces. In rejecting Davis's argument and affirming dismissal of the lawsuit, this Court explained that:

> Slope is governed by ADAAG 502.4. Davis does not mention ADAAG 502.4 in her complaint. She raises violations of only ADAAG 208.2, 216.5, 502.2, and 502.6. Davis says her complaint sufficiently alleges an ADAAG 502.4 violation. She believes that the complaint's allegation that "[t]he accessible parking spaces in the [steakhouses's] customer parking lot lacked adjacent access aisles, in violation of ADAAG 502.2," includes an ADAAG 502.4 violation because, according to her brief, what "qualifies as an access aisle is determined by reference to the [ADAAG], which includes requirements for, inter alia, location, width, slope, and length."
>
> Her access-aisle allegation, however, focuses only on ADAAG 502.2, which does not mention slope. A reference to ADAAG 502.2 does not state a plausible claim for a violation of ADAAG 502.4. . . . The lawsuit brought by Davis became moot after Anthony's remediation.

*Id.* at 677.

Here, Hillesheim similarly tries to avoid dismissal of his lawsuit by arguing that the Amended Complaint's references and/or demand for an "accessible route" sufficiently allege a "curb ramp flare" violation. The slope for curb ramp flares is governed by ADAAG 406.3, and Hillesheim's Amended Complaint does not mention that provision. The Amended Complaint only asserts violations of ADAAG 206.2.1, 403.5.1, and 502.4. As found in *Davis*, it follows that references to these provisions do not state a plausible claim for a violation of ADAAG 406.3.

In arguing that the Amended Complaint's references to an "accessible route" provided notice of the "curb ramp flare" issue, Hillesheim offers the strained argument that because a curb ramp is a component of an accessible route, and a curb ramp flare is a component of a curb ramp, reference to an accessible route includes, or should be understood to include, a curb ramp flare. This, despite the fact that the ADAAG expressly provides that curb ramp flares are **not** a component of an accessible route. *See* ADAAG 402.2 (explaining that, "*[a]ccessible* routes shall consist of one or more of the following components: . . . *curb ramps* **excluding the flared sides** . . .") (italics in original; bold emphasis added).

Should Hillesheim choose to address *Davis*, he may try to distinguish it by noting that in his Amended Complaint he not only included language explaining that, "[t]o qualify as an accessible parking space, it must be located on the shortest route, marked by appropriate signage, flanked by an access aisle, and comply with sloping

12

requirements," but he also referenced ADAAG 206, 208, 402, 403, 405, 406, and 502, seemingly so that he could argue that the Amended Complaint referred to these other sections of the ADAAG and, thereby, provided notice of any issues that might fall within them. [APP 6, ¶25.] Any such argument is flawed. First, this language is, at best, a general statement of the guidelines; it does not set forth any actual allegations, including under the ADAAG sections referenced or any particular subpart. Second, it is a statement as to what is needed to qualify as an accessible parking space; it does not even discuss what is needed to qualify as an accessible route. Third, it follows that if a reference to ADAAG 502.2 was insufficient to state a plausible claim under ADAAG 502.4, as the Court found in *Davis*, a more generic reference to various provisions of the ADAAG, including 406, cannot be read to state a plausible claim under ADAAG 406.3.

B.   **Hillesheim's reference to curb ramp flares and ADDAG 406.3 in his summary judgment opposition memorandum did not provide proper notice of or properly amend the complaint to assert claims based on that issue or provision.**

The undisputable fact is that the Amended Complaint never mentions or refers to curb ramp flares or ADAAG 406.3. The first time Hillesheim ever mentioned or suggested that he intended to assert a claim for such issue was in his Memorandum opposing Holiday's motion for summary judgment. It is well-established in Minnesota and beyond that notice of allegations must be set forth in a complaint, not through briefing. *See Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134,

13

1140 (8th Cir. 2014) (concluding that a party could not amend his complaint or claims through an opposition memorandum); *Boitnott v. Border Foods, Inc.*, -- F.Supp.3d --; 2019 WL 722753, at *4 (D. Minn. Feb. 21, 2019) (finding plaintiff could not rely on purported ADA violations identified for the first time in a brief opposing a motion to dismiss); *Smith v. RW's Bierstube, Inc.*, 2017 WL 5186346, at n. 1 (D. Minn. Nov. 8, 2017) (noting a plaintiff cannot amend complaint by raising arguments in a brief); *Davis v. Queen Nelly, LLC*, 2016 WL 5868066, at *2 (D. Minn. Oct. 6, 2016) (refusing to consider new ADA violations which did not appear in plaintiff's complaint but which were only asserted in response to a motion to dismiss); and *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 969 (9th Cir. 2006) ("Providing a list of hypothetical possible barriers is not a substitute for investigating and alleging the grounds for a claim. Thus, the complaint gave Appellees no notice of the specific factual allegations presented for the first time in Pickern's opposition to summary judgment").

### C. Mention of curb ramp flares in an expert report does not provide notice of claims.

Hillesheim seemingly acknowledges that the Amended Complaint did not, in fact, provide notice of the "curb ramp flares" issue, as he also tries to claim that his expert report "specifically identified" the curb ramp issue. *See* Opening Brief, p. 15. It did not.

14

First, it must be recognized that Hillesheim's expert never expressly identified that there was an issue or violation involving the curb ramp flares. The expert merely stated that he "took measurements of the slopes of the ramp flares located near the west exit to the Holiday store" and that he found slopes of various degrees, which were then listed. [APP 52, ¶21.] Nowhere in the paragraph discussing these curb ramp flares, nor anywhere in the entire expert report, does Hillesheim's expert ever state that the curb ramp flares were a violation of the ADAAG or even reference ADAAG 406.3. [*Id.*] But even if the expert's report explicitly identified the curb ramp flare as violating the ADAAG, attempts to provide notice of an ADA claim through an expert report have been rejected.

In *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011), a plaintiff filed a complaint identifying several architectural barriers, which the defendant started to address soon after receiving the complaint. At a pre-trial conference, Oliver stated his intention to amend the complaint to allege additional architectural barriers, but he failed to amend his complaint before the court's deadline, and the court rejected his motion seeking to modify the scheduling order to allow him to move to amend the complaint to assert the additional barriers. So, a few months later, Oliver produced an expert report identifying several additional barriers that had not been listed in the complaint. The district court granted summary judgment to the defendant and, in doing so, refused to consider the barriers listed in the expert report,

15

finding they were not properly before the court. The Ninth Circuit agreed. After

noting the "short and plain" pleading requirement of Fed. R. Civ. P. 8, the court

explained that:

> Where the claim is one of discrimination under the ADA due to the
> presence of architectural barriers at a place of public accommodation,
> we have held that the relevant "grounds" are the allegedly non-
> compliant architectural features at the facility. . . . Thus, in order for the
> complaint to provide fair notice to the defendant, each such feature
> must be alleged in the complaint.

*Id.* at 908. The court went on to find the plaintiff did not give the defendants fair

notice that the barriers listed for the first time in the expert report were grounds for

his claim of discrimination under the ADA. *Id.* The court explained that:

> In general, only disclosures of barriers in a properly pleaded complaint
> can provide such notice; a disclosure made during discovery, including
> in an expert report, would rarely be an adequate substitute. . . .
> [Defendants] would have had to guess which of the items listed in the
> expert report were grounds for Oliver's claim . . . Further, an expert
> report is typically filed later in the litigation process, after the defendant
> has already taken steps to investigate and defend against the claims in
> the complaint.

*Id.* at 909. In this case, Hillesheim's expert report was produced on May 2, 2018,

one day after the May 1, 2018 expert disclosure date and the deadline for completing

fact discovery.

    **D.**    **There was no reasonable basis upon which Holiday needed to
seek details of Hillesheim's asserted claims through discovery as
the Complaint and Amended Complaint specifically identified the
physical barriers at issue; Holiday could not be expected to
engage in discovery as to non-plead claims.**

16

Hillesheim also argues that any uncertainty about the claims he was asserting could have been clarified through discovery. This argument overlooks the fact that the grounds upon which Hillesheim asserted an ADA claim were quite clear from the Complaint and Amended Complaint. This was not a situation in which Holiday did not understand and, therefore, could not respond to the claims asserted. Holiday, in fact, did respond by promptly remedying each of the issues raised in the Complaint and Amended Complaint, as Hillesheim admits.

Thus, several of the non-jurisdictional cases relied upon by Hillesheim simply do not apply to the present case. In *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 842 (9th Cir. 2007), for example, the court found that the complaint's general references to barriers he encountered were sufficient to establish an injury-in-fact for purposes of standing and explained that, "any concerns about specificity in a complaint are normally handed by the array of discovery devices available to the defendant." Likewise, in *Lugo v. 141 NW 20th St. Holdings, LLC*, 878 F. Supp. 2d 1291, 1294 (S.D. Fla. 2012), the court found a complaint provided fair notice of the plaintiff's claim and stated that, "[t]o the extent Defendant seeks more specific allegations of ADA violations, discovery will provide that specificity." And in *Griffin v. Cedar Fair, L.P.*, 817 F. Supp. 2d 1152 (N.D. Cal. 2011), the court rejected a defendant's motion for a more definite statement.

17

None of these cases address a situation where the plaintiff attempts to pursue claims for violations that were never mentioned in a complaint or amended complaint, a distinction recognized in *Rodriguez v. Barrita, Inc.*, 2013 WL 12175047 (N.D. Cal. Jan. 14, 2013). In *Rodriguez*, the plaintiff identified five architectural barriers in his complaint and later identified additional barriers in his expert report. Like Hillesheim, Rodriguez attempted to rely on *Griffin v. Cedar Fair, L.P.*, 817 F. Supp. 2d 1152 (N.D. Cal. 2011), to argue that his initial complaint provided sufficient notice of his claims. The court noted that:

> *Griffen* simply holds that the complaint in that case was not so vague as to require a supplementation to state a claim at all under the ADA. It says nothing of *Oliver's* entirely different requirement that if certain barriers are to be challenged, the complaint must *eventually* identify them such that defendants do not have to "guess which of the items listed in the expert report were ground for [plaintiff's] claim and which . . . were not.

*Id*. at *2 (italics in original).[3]

If Hillesheim's Complaint had simply asserted a claim that the store's curb ramp flare violated the ADA, it might be reasonable to expect Holiday to conduct discovery seeking clarification of the claimed violation, including its specific location and the ADAAG provision upon which the claim was based. But here, curb ramp flares were never mentioned at all in the Complaint or Amended Complaint,

---

[3] Hillesheim also refers the court to *Roggenkamp v. Del Taco*, 2004 WL 3623408 (C.D. Cal. Nov. 17, 2004), but that case was decided before *Oliver* and, therefore, of questionable relevance.

Appellate Case: 19-1026     Page: 27     Date Filed: 03/20/2019 Entry ID: 4768988

so Holiday had no reason to engage in discovery about such non-existent claims. *See* Fed. R. Civ. P. 26(b)(1) (explaining discovery may generally be obtained regarding a party's claims).

**II.    The enforcement statute in Title III of the ADA only provides private parties with injunctive relief and no court has found otherwise, nor do cases considering claims brought under Title I of the ADA apply as that Title's enforcement statutes expressly allow for other damages, including equitable relief, to be awarded at the court's discretion.**

Hillesheim claims it is undisputed that his remedies under Title III of the ADA are limited to equitable remedies.   It would be more accurate to state that it is undisputable that Hillesheim's remedies under Title III of the ADA are specifically limited to the equitable remedy of injunctive relief.  *See Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853, 864 (9th Cir. 2017) (explaining injunctive relief constitutes a traditional equitable remedy).

It is, in fact, well-established, including by this Court, that a private party's sole remedy under Title III of the ADA is to seek injunctive relief.  *See Wojewski v. Rapid City Regional Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006) (finding claim brought under Title III of the ADA moot because "Title III only provides injunctive relief"); *Stebbins v. Legal Aid of Arkansas*, 512 Fed. Appx. 662, 663 (8th Cir. 2013) (citing 42 U.S.C. § 12188(a) for authority that "unless enforced by the Attorney General, only remedy for violation of Title III of ADA is injunctive relief").  *See also Boitnott*, 2019 WL 722753, at *2 ("In a private enforcement action under Title

19

III of the ADA, a plaintiff may obtain only injunctive relief"); *Davis v. Queen Nelly, LLC*, 2016 WL 5868066, at *1 ("A plaintiff may recover only injunctive relief – and not damages – under Title III of the ADA").

Hillesheim argues that there is nothing in the ADA that limits the court's power to award nominal damages but, as the cases above reflect, that limitation is found in the applicable statute, 42 U.S.C. § 12188(a). Hillesheim offers no authority that the court can decide to award relief beyond that which the legislature has statutorily authorized. To the contrary, in the case of *Beals v. Washington Int'l, Inc.*, 386 A.2d 1156, 1160 (Del. Ch. 1978), cited by Hillesheim, the court recognized that there are three separate but equal branches of government, and one branch should not encroach upon the other. Thus, the court explained that the court, in the absence of legislative action, should not assess damages or impose penalties. *Id. See also Shaver v. Independent Stave Co.*, 350 F.3d 716, 720 (8th Cir. 2003) (explaining that the court's "rulings must be disciplined by the text of the statute itself").

Hillesheim claims that this Court as well as the Ninth Circuit have recognized that nominal damages may be awarded under the ADA. However, as the District Court and even Hillesheim's own counsel have recognized, the cases upon which Hillesheim relies involved employment-related claims brought under Title I of the ADA, not public accommodation claims brought under Title III of the ADA. [ADD 6, n. 2; ECF 13, pp. 5-6] ("In the interest of full disclosure, the Eighth Circuit has

20

not ruled that nominal damages are available under the damages provisions specific to Title III of the ADA. Rather, the Eight Circuit's decision (and other circuit decisions) have been specifically applied to cases brought under Title I of the ADA, *i.e.*, the employment provisions"). Hillesheim now argues that whether a claim is brought under Title I or Title III should not matter, but analysis of the cases Hillesheim cites and the applicable statutes reflects a clear, textual reason as to why nominal damages may be available under Title I but are not available to private parties under Title III.

Both of the cases cited by Hillesheim, *Shaver*, 350 F.3d 716 and *Bayer*, 861 F.3d 853, considered employment-related retaliation claims brought under 42 U.S.C. § 12203(b). In the applicable section of the *Shaver* decision, the Court found that even a plaintiff who manufactures a retaliation claim may pursue damages, with the Court stating, "even if the whole situation was 'manufactured,' he would still have a claim for nominal damages, and in the proper circumstances, for attorneys' fees, exemplary damages, and injunctive relief." *Id*. at 725. The Court did not provide any analysis, explanation, or citation for its statement that nominal damages were available and, as the *Bayer* court noted, it is unclear if the Eighth Circuit considered nominal damages to be a form of equitable. *See Bayer*, 861 F.3d at 870.

But even if there was no question that the Eighth Circuit considered nominal damages to be a form of equitable relief, the relevant statutes explain why such

21

damages are available under Title I, but not under Title III. In *Bayer*, the court explained that the procedures and remedies available to redress a retaliation claim brought under 42 U.S.C. § 12203(b), again, the statute at issue in both *Bayer* and *Shaver*, are those available under 42 U.S.C. §§ 12117, 12133, and 12188. *See Bayer*, 861 F.3d at 862. These are the enforcement provisions set forth in Titles I, II and III, respectively. *Id.* Each of those enforcement provisions, in turn, reference procedures and remedies in other statutes. *Id.*

Because 42 U.S.C. §§ 12133 and 12188 address enforcement in the context of public services and public accommodations, which did not apply in *Bayer,* the court looked only to § 12117, which addresses enforcement in the employment context. *Id.* at 862–63. That statute references the powers, remedies, and procedures of 42 U.S.C. § 2000e-4 through 2000e-9. *Id.* at 863 and 42 U.S.C. § 12117. Among those provisions is the primary enforcement provision of 42 U.S.C. § 2000e-5(g), which states that:

> If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice . . . the court may enjoin the respondent from engaging in such unlawful employment practice and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . **or any other equitable relief as the court deems appropriate**.

*Id.* (emphasis added).

22

Because public accommodations under Title III were not at issue in *Bayer* (or *Shaver*), the court did not consider 42 U.S.C. § 12188, the enforcement provision for Title III. However, that statute references the remedies and procedures set forth in 42 U.S.C. § 2000a-3(a). *See* 42 U.S.C. § 12188(a)(1) ("The remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter").

Under 42 U.S.C. § 2000a-3(a), which is entitled "civil actions for injunctive relief," a civil action may be brought for preventative relief, including a request for an injunction. *See also* 42 U.S.C. § 12188(a)(2) (specifically discussing injunctive relief in the case of violations of 42 U.S.C. § 12182(b)(2)(A)(iv), which relates to the failure to remove architectural barriers where readily achievable). But unlike 42 U.S.C. § 2000e-5(g), set forth above, 42 U.S.C. § 2000a-3(a), the remedies provision incorporated into Title III, does not state that "other equitable relief" may be awarded.

To be clear, 42 U.S.C. § 12188 does refer to equitable relief, but only for civil actions brought by the Attorney General. *See* 42 U.S.C. § 12188(b)(2)(A). In other words, just as this Court and others have found, a private person bringing an ADA claim under Title III is limited to the remedies set forth in 42 U.S.C. § 12188(a) and, by reference, those in 42 U.S.C. § 2000a-3(a), which only mentions injunctive relief.

23

Unlike the enforcement provision incorporated into Title I, the Title III enforcement statutes do not specifically mention or suggest in any way that equitable relief, including nominal damages, may be awarded.

That is, just as the District Court correctly stated, "Hillesheim cites no case where a court granted nominal damages to a private litigant under Title III. Nor is there any statutory authority for imposing nominal damages in a private right of action under Title III." [ADD 6.] It follows that Hillesheim's non-viable claim for nominal damages could not preclude a determination that the lawsuit was moot. *See also Boitnott*, 2019 WL 722753, at *6 (rejecting argument that claim for nominal damages precludes determination that claim is moot and noting plaintiff's reliance on *Bayer* was misplaced as a claim under 42 U.S.C. § 12203(b) provides a different remedial scheme than a Title III claim).[4]

## CONCLUSION

As discussed above, the District Court's decision to grant Holiday's Motion for Summary Judgment and dismiss Hillesheim's lawsuit a moot was based on a

---

[4] Hillesheim also suggests that Holiday waived its right to dispute his claim for nominal damages because it supposedly did not challenge that claim in its initial summary judgment memorandum. To the contrary, Holiday argued that Hillesheim was only entitled to injunctive relief. In response, Hillesheim set forth his argument for nominal damages and, in turn, Holiday responded to that argument in its reply memorandum, just as the rules permit. *See* Minn. R. D. Ct. LR 7.1 (providing that a reply memorandum may not present matters that do not relate to the opposing party's response).

24

proper analysis of the claims asserted as well as the applicable rules and authorities. Accordingly, Holiday respectfully requests that the District Court's decision be affirmed by this Court.

Respectfully submitted,

**COUSINEAU, VAN BERGEN, MCNEE & MALONE, P.A.**

Dated: March 20, 2019

By:    /s/  Tamara L. Novotny
      **Tamara L. Novotny**   #029617X
12800 Whitewater Drive, Suite 200
Minnetonka, MN 55343
(952) 546-8400
tnovotny@cvmmlaw.com
*Attorneys for Appellees Holiday Stationstores, Inc. and Lyndale Co.*

25

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), because:

This brief contains 6,198 words, excluding the parts of the brief exempt by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

This brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 with Times New Roman, 14-point font.

This brief and addendum have been scanned for viruses and the brief is virus-free.

**COUSINEAU, VAN BERGEN, MCNEE & MALONE, P.A.**

Dated: March 20, 2019          By:   /s/  Tamara L. Novotny
                                    **Tamara L. Novotny**  #029617X
                                    12800 Whitewater Drive, Suite 200
                                    Minnetonka, MN 55343
                                    (952) 546-8400
                                    tnovotny@cvmmlaw.com
                                    *Attorneys for Appellees Holiday Stationstores, Inc.*
                                    *and Lyndale Terminal Co.*

26

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2019, I electronically submitted the foregoing with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit Court for review by using the CM/ECF system, and that the CM/ECF will send a Notice of Electronic Filing (NEF) to all participants who are registered CM/ECF users.

**COUSINEAU, VAN BERGEN, MCNEE & MALONE, P.A.**

Dated: March 20, 2019

By: /s/ Tamara L. Novotny
      **Tamara L. Novotny** #029617X
12800 Whitewater Drive, Suite 200
Minnetonka, MN 55343
(952) 546-8400
tnovotny@cvmmlaw.com
*Attorneys for Appellees Holiday Stationstores, Inc. and Lyndale Terminal Co.*

4852-4126-9386, v. 1

Appellate Case: 19-1026     Page: 36     Date Filed: 03/20/2019 Entry ID: 4768988