Zach Hillesheim

*Plaintiff  Appellant*

v.

Holiday Stationstores, Inc.; Lyndale Terminal Co.

*Defendants  Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: February 12, 2020
Filed: April 1, 2020

_____

Before LOKEN, BENTON, and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge.

     Zach Hillesheim sued Holiday Stationstores, Inc. and Lyndale Terminal Co. (collectively "Holiday"), seeking declaratory and injunctive relief for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-89. Within two months, Holiday remedied the violations. Three months later, Hillesheim filed an

amended complaint. The district court[1] granted summary judgment to Holiday. Having jurisdiction under U.S.C. § 1291, this court affirms.

I.

Hillesheim is paralyzed, cannot walk, and uses a wheelchair for mobility. He alleges he tried to visit a Holiday service station and convenience store on multiple occasions in 2016 and 2017, but was deterred due to a lack of accessible parking.

Hillesheim's complaint says it includes a "specific, though not exclusive list of unlawful physical barriers and ADA violations" that failed to comply with the requirements of the ADA and the ADA Accessibility Guidelines (ADAAG). First, "the access aisle shared by both parking spaces reserved as accessible parking spaces contained a slope greater than 1:48, in violation of ADAAG 502.4." Second, "No accessible routes connected the 'Holiday' store exit and the accessible parking spaces, in violation of ADAAG 206.2.1." Third, "The curb ramp connecting the 'Holiday' store exit and the parking lot led directly to a parking space where a car could park and reduce the clear width of the accessible route to less than 36 inches, in violation of ADAAG 403.5.1." It is not disputed that in response to the complaint, Holiday remedied these three violations.

Right after the list of violations, the complaint says:

> The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "Holiday". To qualify as an accessible parking space, it must be located on the shortest accessible route, marked by appropriate signage, flanked

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

Appellate Case: 19-1026    Page: 2    Date Filed: 04/01/2020 Entry ID: 4897839

> by an access aisle, and comply with sloping requirements.
> ADAAG 206, 208, 402, 403, 405, 406, and 502.

The complaint requests a declaratory judgment and an injunction "directing Defendants to remove all barriers" or to "make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA." Finally, the complaint requests nominal damages.

After Holiday remedied the violations, Hillesheim's expert inspected the premises. The expert agreed that Holiday had remedied the listed violations. The expert found two non-compliant slope measurements on the flared sides of the curb ramps. Holiday's expert could not recreate those measurements, and found the flared sides compliant with the ADAAG. The district court granted summary judgment to Holiday, ruling that the post-suit alterations mooted Hillesheim's claims. It also ruled that the request for nominal damages did not preclude summary judgment, because injunctive relief is the sole private remedy under Title III of the ADA. ***Hillesheim v. Holiday Stationstores, Inc.***, 2018 WL 10560507 at *3 (D. Minn. Dec. 3, 2018) Hillesheim appeals.

II.

Mootness is a question of subject-matter jurisdiction that this court reviews de novo. ***Doe v. Nixon***, 716 F.3d 1041, 1051 (8th Cir. 2013). *See generally* ***Torgerson v. City of Rochester***, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) ("This court reviews de novo a grant of summary judgment.") Under Article III of the Constitution, federal courts may decide only actual, ongoing cases or controversies. ***McCarthy v. Ozark Sch. Dist.***, 359 F.3d 1029, 1035 (8th Cir. 2004). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." ***Already, LLC v. Nike, Inc.***, 568 U.S. 85, 91

(2013), *quoting* ***Murphy v. Hunt***, 455 U.S. 478, 481 (1982) (per curiam). "Generally, a claim is moot when changed circumstances already provide the requested relief and eliminate the need for court action." ***Hillesheim v. Holiday Stationstores, Inc.***, 903 F.3d 786, 791 (8th Cir. 2018).

Hillesheim does not dispute that Holiday remedied the three violations listed in the complaint. Hillesheim argues that the disputed measurements of the flared sides are a genuine issue of material fact that precludes summary judgment based on mootness. *See* ***Torgerson***, 643 F.3d at 1042 (Summary judgment is proper when "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law"), *citing* **Fed. R. Civ. P. 56(c)**.

Holiday counters that this cannot be an issue of material fact because Holiday had no fair notice about any issue with the flared sides. *See* ***Tellabs, Inc. v. Makor Issues & Rights, Ltd.***, 551 U.S. 308, 319 (2007) ("[T]he complaint must say enough to give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests."). *See generally* **Fed. R. Civ. P. 8(a)(2)** (Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

According to Hillesheim, the complaint gives fair notice because it includes a demand for an accessible route from the exit to the accessible parking spaces, that there was no "accessible route" "in violation of ADAAG 206.2.1." The slope of the flared sides is governed by ADAAG 406.3—which Hillesheim does not mention in his complaint. Hillesheim's complaint does include one mention of ADAAG "406" in a string citation of requirements for accessible routes and parking spaces. Hillesheim argues that this provides sufficient notice, reasoning: "A curb ramp is a component of an accessible route, and a flare is a component of a curb ramp."

4

To the contrary, flared sides are not a component of an accessible route.

> Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps *excluding the flared sides*, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.

**ADAAG 402.2** (emphasis added). The complaint does not mention "flared sides." *See **Davis v. Anthony, Inc.***, 886 F.3d 674, 677 (8th Cir. 2018) (a demand for an accessible parking space that includes specific access-aisle allegations did not state a claim for other, unmentioned violations). The complaint's allegations do not give Holiday notice of any issue about the slope of the flared sides. *Id.* ("A reference to ADAAG 502.2 does not state a plausible claim for a violation of ADAAG 502.4."). As in the *Davis* case, the specifically alleged violations were remediated, and the complaint did not give fair notice of the flared-sides issue. *Id.* ("The lawsuit as brought by [plaintiff] became moot after [defendant's] remediation.")

Because there was no fair notice of the flared-sides issue, the disputed measurements are not a genuine issue of material fact.

### III.

Hillesheim argues that his claim for nominal damages prevents a finding of mootness. *See **Advantage Media, L.L.C. v. City of Eden Prairie***, 456 F.3d 793, 803 (8th Cir. 2006) (holding that the availability of nominal damages is sufficient to create standing). He relies on two Title I cases to argue that nominal damages may be awarded pursuant to the district court's equity jurisdiction. *See **Bayer v. Nieman Marcus Grp., Inc.***, 861 F.3d 853, 871 (9th Cir. 2017); ***Shaver v. Indep. Stave Co.***, 350 F.3d 716, 725 (8th Cir. 2013).

5

This court and other circuits have made clear that injunctive relief is the only private relief available in a Title III case like Hillesheim's. *See* ***Stebbins v. Legal Aid of Arkansas***, 512 Fed. Appx. 662, 663 (8th Cir. 2013) ("Title III of the ADA does not provide for private actions seeking damages"); ***Wojewski v. Rapid City Reg'l Hosp., Inc.***, 450 F.3d 338, 342 (8th Cir. 2006) (holding Plaintiff's Title III claim moot because "Title III provides only injunctive relief…"). *See also* ***Houston v. Marod Supermarkets, Inc.***, 733 F.3d 1323, 1329 (11th Cir. 2013) ("injunctive relief…is the only form of relief available to plaintiffs suing under Title III of the ADA."); ***Powell v. Nat'l Bd. of Med. Exam'rs***, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages."); ***Wander v. Kaus***, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.").

The district court correctly ruled that nominal damages are not available under Title III of the ADA, and that requesting them does not affect mootness. The district court properly granted summary judgment for Holiday.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____